EMIL TRAUTMANN SHAFFNER, Plaintiff and Appellee, *v.* PORTO RICO ORE COMPANY, Defendant and Appellant.

No. 5366. Argued November 16, 1932.—Decided May 29, 1934.

*Gabriel de la Haba* for appellant.   *Alberto S. Poventud* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

From the record of this appeal we shall reproduce only the facts that are necessary for deciding it.

A civil partnership, the owner of eight rural properties, mortgaged them to Emil Trautmann to secure the payment of a certain sum of money it owed him. Through successive transfers, these properties were finally acquired by the corporation The Porto Rico Ore Company, which, on purchasing them, paid to the vendor the entire purchase price agreed upon, without retaining any part of such price for the payment of the mortgage without making its own the mortgage debt, and without binding itself to pay it.

Emil Trautmann brought an ordinary action to recover from The Porto Rico Ore Company a certain amount due him on that mortgage, and prayed that the company be adjudged to pay to him the amount claimed. The defendant corpora-

tion defended the action, but, after a trial was had, the court adjudged it to pay the amount claimed in the complaint. It did not order that the mortgaged properties be sold to satisfy the judgment.

From what has been stated it appears that the mortgage creditor, Emil Trautmann, did not institute his action against the present owner of the properties that were already mortgaged when it purchased them, to collect the amount claimed out of the proceeds of the sale of the mortgaged properties, but he brought a personal action to recover the amount owed to him on the mortgage, as prayed for in his complaint, and that the judgment does not decree the sale of said mortgaged properties but adjudges the appellant to pay the amount claimed as if the company, personally, really owed it to Emil Trautmann; a judgment which, by its terms, can be executed on any property held by the appellant, apart from the mortgaged properties which it purchased.

So, then, the fundamental question in this suit is whether Emil Trautmann has a personal action against The Porto Rico Ore Company to recover from it the debt claimed, out of any property it may own, even regardless of the mortgaged parcels.

There is no doubt that the mortgaged properties are responsible for the debt secured by them, even though they may have been transferred to a third person together with the mortgage, and that the creditor may bring an action against such third person, the present owner, in order to collect, out of the proceeds of the sale of such properties, the debt owed him, because, on being so transferred, they were subject to that lien and the purchaser became the owner of something encumbered; but said third person is not bound to pay the indebtedness out of its own property in case the proceeds of the sale of the mortgaged properties should not be sufficient. *Fernández* v. *Hernández, et al.,* 16 P.R.R. 72.

In the case of *Trueba et al.* v. *Rosales & Co. et al.*, 33 P.R.R. 986, this court said (to quote from the syllabus):

"When a purchaser or innocent possessor of a mortgaged property does not assume the payment of the mortgage, for which he is liable only because of his acquisition of the property, his liability extends only as far as the proceeds of the judicial sale in execution of the judgment, and any part of the amount of the mortgage which may not be covered thereby can not be collected out of his own property; for which reason a complaint which does not allege that the defendant purchasers of the mortgaged property assumed the payment of the mortgage or retained a part of the purchase price for its payment, or that their liability was limited to the proceeds of the sale, does not state facts sufficient to constitute a cause of action against them to recover the amount secured by the mortgage, especially when it is not even prayed that the property be sold for the payment of the debt, a necessary element although the party may elect the ordinary action of debt."

The purchaser of mortgaged property knows that it is subject to the payment of that lien and that on account of that obligation he may lose it, but in thus purchasing it he has not contracted a personal obligation to the creditor making other property liable for the payment of the debt. In the instant case, the complaint set forth a personal action and not a real action. *Rosales* v. *District Court*, 33 P.R.R. 305; *Martínez* v. *Registrar*, 44 P.R.R. 616; *Font* v. *Rosales*, 42 P.R.R. 606, and *Valledor* v. *Díaz et al.*, 35 P.R.R. 20.

For the reasons stated, the judgment appealed from must be reversed and another rendered instead in favor of the defendant, without special imposition of costs.